**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LAMARCUS HARDY                                                                    PLAINTIFF


V.                                    CASE NO. 1:13CV00007 SWW/BD

FERGUSON, et al.                                                                DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

**I.      <u>Procedures for Filing Objections</u>:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Susan Webber Wright.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.  Background:

Plaintiff Lamarcus Hardy, an inmate housed at the Independence County Detention

Facility ("Detention Facility"), filed this lawsuit pro se under 42 U.S.C. § 1983.  Mr.

Hardy alleges that an unknown Detention Facility employee unlawfully confiscated his

money from storage in the Detention Facility property room.

Even assuming Mr. Hardy's allegations are true, he has failed to state a claim for

relief under § 1983.  Accordingly, the Court recommends that Mr. Hardy's claims be

DISMISSED, with prejudice.

## III.  Analysis:

In *Hudson v. Palmer*, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984), the United States

Supreme Court held that when a state actor deprives an individual of personal property,

there is no relief available under § 1983 if state law provides adequate post-deprivation

remedies.  In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished table decision),

the Eighth Circuit Court of Appeals determined that a county prisoner who alleged he was

wrongly charged for meals while housed at a county jail had an adequate post-deprivation

remedy in state court and, thus, could not seek relief under § 1983.  Specifically, the

Eighth Circuit noted that one available remedy was a common-law conversion action for

the wrongful possession or disposition of another's property.  *Butler*, 208 F.3d at *1

(citing *McQuillan v. Mercedes–Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729, 732

(1998)).  See also *Bausley v. Dugan*, Case No. 04–2642, 2004 WL 2291373 (8th Cir. Oct.

13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim

against county jail employees for seizure of personal property from his cell because he

could bring a conversion action in state court).  Therefore, Mr. Hardy's claim regarding

the loss of personal property does not state a constitutional claim for relief.

**IV.**    **Conclusion:**

    The Court recommends that Mr. Hardy's claims be DISMISSED, with prejudice.

The Court also recommends that the District Court certify that this dismissal count as a

"strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this

dismissal would be frivolous and not taken in good faith.

    DATED this 27th day of February, 2013.

_____

UNITED STATES MAGISTRATE JUDGE